## BENJAMIN F. STOAKES, Respondent, v. BARRETT & CO. and others, Appellants.

The mines of gold and silver in this State are the property of the State, and the policy of legislation permits all persons to work for these metals.

Although the State is the owner of the gold and silver found in the lands of private individuals, as well as the public lands, yet to authorize an invasion of private property in order to enjoy a public franchise, would require more specific legislation than any yet resorted to.

Where the question is confined to the public lands, there is no necessity to resort to any construction to determine the right which the law confers. The Legislature has passed an Act which gives permission to all persons to work the mines upon public lands, notwithstanding they may be in the possession and enjoyment of another for agricultural purposes.

APPEAL from the District Court of the Tenth Judicial District, Nevada County.

The facts appear in the opinion of the Court.

*F. W. Thayer*, for Appellants.

1. It appears by the answer, complaint, and affidavit, that the plaintiff did not act promptly in the premises, but expressly and impliedly

authorized and sanctioned that which he now objects to, and did not apply for his injunction as soon as he became apprised of his supposed rights and the threatened injury.  2 Bland , 99.

2. It is shown by the answer that the defendants were in possession of the land prior to the possession of plaintiff.

3. It is not shown by the complaint or affidavit of plaintiff that he had not a complete remedy at law, or that the injury complained of was irreparable.  4 H. & M., 491; 2 Cal., 463.

4. An injunction will not issue before the rights of the parties are determined by an action at law, when the rights of the parties are doubtful.  17 Maine, 292; Hop. Ch. R., 397; 2 Stewart, 414.

5. An injunction will not issue in aid of an action of trespass.

6. The bill, answer, and affidavit, show that the land on which the trespasses are alleged to have been committed is the property, soil, and freehold of the United States and not of plaintiff, and is mining land, and by the policy and laws of the United States Government and this State, defendants were fully privileged to work the said land as mining land, for the search and obtaining of the precious metals.

Treaty of Guadalupe Hidalgo of Feb. 2, 1848.  Acts of Congress, vol. 9, p. 418,  Sept. 9, 1850, sec. 3.  People v. Naglee, 1 Cal , 232, Act of Cal. Legislature, April 13, 1850, p. 221.  Ibid., April 11, 1850, p. 223.  Ibid., April 20, 1852.  Codified Laws, p. 218, whole Act. Hicks, et al , v. Bell, et al., 3 Cal., 219.  Act of Congress in relation to Surveys and Pre-emption Rights in California, March 3, 1853.

*A. Anderson* and *J. R. McConnell*, Attorney General, for Respondent.

1. The notice of appeal filed in this cause is of a duplex character :  1. An appeal from the order granting an injunction.  2. An appeal from the order refusing to dissolve the same injunction.

By title 9 " Of Appeals in Civil Actions," ch. 1, § 336, subdivision 3, an appeal may be taken "from an order granting or dissolving an in_ junction."  But there is no statute authorizing an appeal from an order refusing to dissolve.  The rule of statutory construction, " *expressio unius est exclusio alterius*" must prevail, and the appeal in this respect must be dismissed for want of jurisdiction.

2. The gravamen of the plaintiff's bill was a proper subject of equitable jurisdiction; for an injunction to stay waste, or prevent irreparable mischief, will be granted, though there is no suit pending and although no action can be maintained against the tenant, at law. Kane *v.* Vanderburgh, 1 Johns., Ch. 11. Crenshaw *v.* State River Company, 6 Rand, 245. Equity will interfere when the mischief reaches to the very substance and value of the estate, and goes to the destruction of it in the character in which it is enjoyed, and when, therefore, damages could not compensate. Jerome *v.* Ross, 7 Johns., Ch. 315. Stevens *v.* Beekman, 1 Johns., Ch. 318. 1 Paige, Ch. 97. Mitchell *v.* Dors, 6 Ves., 147. Hanson *v.* Gardiner, 7 ib., 305. Smith *v.* Collyer, 8 ib., 89. Eldridge *v.* Hill, 2 Johns., Ch. 281. Livingston *v.* Livingston, 6 Johns., Ch. 497. Ibid., 46. 2 Story's Eq , §§ 928, 930, 5 Johns., ch. 111. 26 Wend., 132.

3. The mere allegation in the answer that the title to the *locus in quo* is in the United States, is not sufficient to induce the Court to go behind the plaintiff's averment of ownership and possession.

4. The answer is neither plain, positive, nor precise, and not "responsive to the bill," but sets up new matter, and the injunction should be continued until a hearing. 1 Mad., 338. 6 Wheat., 453–4. 1 Munf., 373, 395. 2 Johns., Ch. 62, 89. 4 Ib. 697. Vol. II, part 2, of Hare & Wallace's Notes. Leading Cases in Equity, pp. 110, 111.

5. The awarding or continuing an injunction in special cases is a matter resting in the sound discretion of the Court. 2 Johns., Ch. 204. And an appellate Court should never interfere, unless the record shows a gross abuse of discretion.

6. The Act of April 20, 1852, "prescribing the mode of maintaining and defending *possessory* actions on public lands in this State," is not a grant for mining purposes, even in general terms. This can only be done by *express* grant or license. See 8 Bac. Ab., title Prerogative, article Coinage.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J , concurred.

This is an appeal from an order granting an injunction in aid of an action of trespass. The declaration upon which the injunction was granted sets out in effect, that the lands are public lands, and that the

plaintiff claims his right of possession under the Act of April, 1852, " prescribing the mode of maintaining and defending possessory actions on public lands in this State." The first section of this Act gives the right of action to any one settled upon public lands for the purpose of cultivating or grazing; but it provides, " that if the lands so occupied and possessed contain mines of any of the precious metals, the possession or claim of the person or persons occupying the same for the purposes aforesaid, shall not preclude the working of such mines by any person or persons desiring so to do, as fully and unreservedly as they might or could do had no possession or claim been made for grazing or agricultural purposes."

The declaration further shows, that the defendants invaded the close of the plaintiff for the purpose of mining, and that rich mineral deposits had been recently discovered on the premises.

We held, in the case of Hicks, et al., *v.* Bell, et al., that the mines of gold and silver in this State were the property of the State, and that the policy of her legislation permitted all persons to work for these metals. We did not, in that case, intend to go further than to decide the right of all citizens to dig for gold upon the public lands; for although the State is the owner of the gold and silver found in the lands of private individuals as well as the public lands, yet to authorize an invasion of private property, in order to enjoy a public franchise, would require more specific legislation than any yet resorted to.

But where the question is confined to the public lands, there is no necessity to resort to any construction to determine the right which the law confers. The Act I have above cited is plain, positive, and specific in its terms; and it gives the permission to all persons to work the mines upon public lands, notwithstanding that they may be in the possession and enjoyment of another for agricultural purposes. Nothing can be plainer than the intent of this Act, and nothing more specific than the right which it gives.

The complaint, therefore, in this case, shows no cause of action, and no injunction should have been granted.

The injunction is dissolved, and the suit dismissed.